UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SANFORD,

    Plaintiff,

v.

STANDARD FEDERAL BANK, now
known as BANK OF AMERICA,

    Defendant/Counter-Plaintiff/Third-
    Party Plaintiff,

v.

BERNARD SANFORD,

    Third-Party Defendant.

                                               /

Case No. 10-12052

Honorable Patrick J. Duggan

## ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 2, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On May 21, 2010, Cynthia Sanford ("Plaintiff") filed this *pro se* action, alleging that Standard Federal Bank, now known as Bank of America ("BOA"), wrongfully withheld funds in her Supplemental Security Income direct deposit account. Before the Court is Plaintiff's "Motion for Entry of New Judgment," filed on March 24, 2011. The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f),

and for the reasons stated below, denies Plaintiff's motion.

This case is one of many filed by Plaintiff and her husband, Third-Party Defendant Bernard Sanford (collectively, "the Sanfords"), stemming from the 2004 foreclosure sale of a home they owned in Detroit, Michigan. On February 23, 2011, the Court granted BOA's motion to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also granted a litigation injunction against the Sanfords, noting that "[n]ot including the two cases at bar, the Sanfords have filed six bankruptcy petitions, two lawsuits in federal court, and three lawsuits in state court as part of an ongoing effort to delay and overturn the original foreclosure sale." *See* 2/23/2011 Op. & Order at 17.

Plaintiff has filed a "Motion for Entry of New Judgment," arguing that she has discovered new evidence warranting such relief. Pl.'s Mot. ¶ 2. Although Plaintiff's Motion does not reference a specific rule of the Federal Rules of Civil Procedure, the Court concludes that it should be construed as a motion to alter the judgment under Rule 59. *See Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). A motion to alter a judgment may be granted only if there is a clear error of law, newly discovered evidence, a change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff's motion does not detail the nature of any newly discovered evidence or state how that evidence would require reversal of this Court's previous ruling. The Court dismissed Plaintiff's action for failure to state a claim for relief, not for lack of evidence. Simply put, the doctrines of *res judicata* and collateral estoppel bar the continued litigation of the issues raised in the Complaint, and Plaintiff's constitutional claims and Social

Security Act claim are not actionable under controlling law. New evidence does not change this. As Plaintiff has failed to set forth any basis upon which she is entitled to relief, the Court must deny her motion.

BOA asks that the Court sanction Plaintiff for filing a meritless motion. Although the Court has issued a litigation injunction against the Sanfords, its terms prohibit them from filing "additional lawsuits." Because Plaintiff responded to the entry of judgment in this suit, the Court concludes that its injunction has not been violated. The Court believes that Plaintiff's filing does not warrant sanctions, and therefore denies BOA's request. The Court cautions Plaintiff, however, that any frivolous filings in this matter may subject her to sanctions. "A district court has the inherent power to sanction a party when that party exhibits bad faith." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50, 111 S. Ct. 2123, 2132-35 (1991)).

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion for Entry of New Judgment" is **DENIED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:

Cynthia Sanford
20222 Greenlawn
Detroit, MI 48221

Brandon M. Blazo, Esq.
Marilyn A. Peters, Esq.